UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22555-CIV-MARTINEZ/SANCHEZ

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.

LEGACY PROTECTION & INTELLIGENCE
AGENCY, LLC, *et. al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON MT. HAWLEY'S
MOTION FOR ENTRY OF FINAL DEFAULT JUDGMENT**

This matter is before the Court on Plaintiff Mt. Hawley Insurance Company's ("Mt. Hawley") Motion for Entry of Final Default Judgment Against Defendant Legacy Protection & Intelligence Agency, LLC ("Legacy"). ECF No. 50.[1] Defendant Legacy did not respond to the Complaint (ECF No. 1), to Mt. Hawley's Motion for Entry of Clerk's Default (ECF No. 47), or to the instant motion, and the deadlines to do so have long passed. After careful consideration of Mt. Hawley's filings, the record, the applicable law, and being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Mt. Hawley's Motion for Entry of Final Default Judgment Against Legacy, ECF No. 50, be **DENIED WITHOUT PREJUDICE**.

### I.    BACKGROUND[2]

Mt. Hawley seeks a declaratory judgment that it has to no duty to defend or indemnify

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this matter to the undersigned for a Report and Recommendation. *See* ECF No. 51.

[2] The following facts are deemed admitted with respect to Legacy by virtue of the default. *See Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

Legacy under its commercial general liability insurance policy in connection with an underlying state tort case in which Defendants Raymond Ortega and Antonio Llerena obtained a jury verdict of $1,195,450 against Legacy.  ECF No. 1 at ¶¶ 2, 39; *see Ortega v. Burger King Corp.*, Case No. 2019-006042-CA-01 (Fla. 11th Cir. Ct.) (the "State Court Litigation").  The complaint in the State Court Litigation involved allegations of an attack on Defendants Ortega and Llerena at a Burger King restaurant in Miami Beach, Florida by a security guard employed by Legacy, who provided security services at that Burger King.  *See* ECF No. 1 at 16-25; ECF No. 1-1 at ¶¶ 6, 8, 12-13, 19-23.

Although Mt. Hawley had issued a commercial general liability insurance policy to Legacy for a coverage period that included the date of the attack that was the subject of the State Court Litigation, *see* ECF No. 1 at ¶ 41, Mt. Hawley contends that the Abuse or Molestation Exclusion and the Discrimination Exclusion contained within that policy bar any coverage obligations in connection with the State Court Litigation and relieve Mt. Hawley of any duty to defend or indemnify Defendants in this case, *id.* at ¶¶ 43-44, 48-55; ECF No. 50 at ¶ 2.

Although Mt. Hawley served Legacy with the summons and complaint via the Florida Secretary of State (ECF No. 45), Legacy did not respond to the complaint or otherwise appear in this case.  Accordingly, the Clerk entered default against Legacy.  ECF No. 47.  Mt. Hawley then filed the instant motion.  ECF No. 50.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 55 contains a two-step process by which a party may obtain a final default judgment.  Fed. R. Civ. P. 55.  For any defendant that fails to plead or otherwise defend against a lawsuit, the clerk may enter a clerk's default.  Fed. R. Civ. P. 55(a).  Thereafter, "[p]ursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint." *Chanel,*

*Inc. v. Sea Hero*, 234 F. Supp. 3d 1255, 1258 (S.D. Fla. 2016).

A clerk's entry of default, however, does not automatically entitle a plaintiff to a default judgment. *See, e.g.*, *Cohan v. Baby Marathon, LLC*, No. 20-60185-CIV-WILLIAMS/VALLE, 2020 WL 6731041, at *1 (S.D. Fla. Oct. 27, 2020) (explaining that a motion for default judgment "is not granted as a matter of right"), *report and recommendation adopted*, 2020 WL 6729393 (S.D. Fla. Nov. 16, 2020). While it is true that a defendant who defaults admits the well-pleaded allegations of fact in the complaint, a defaulting defendant does not admit any facts that are pleaded insufficiently or are mere conclusions of law. *Id.*; *see also, e.g.*, *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (explaining that the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "is equally applicable to a motion for default judgment"). Accordingly, an admission of the allegations in the complaint, by itself, may or may not be sufficient to grant default judgment. *See Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("[T]he defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief."); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

### III.   ANALYSIS

In the instant motion, Mt. Hawley seeks a default final judgment against Legacy on Mt. Hawley's claims for declaratory relief. ECF No. 50. Although a default judgment may generally be entered against a party for failing to plead or otherwise respond to a complaint, including a complaint seeking declaratory relief as to the duty to indemnify or defend under an insurance policy, *see, e.g.*, *Sea Hero*, 234 F. Supp. 3d at 1258; *Progressive Express Ins. Co. v. C&F Transp., LLC*, No. 1:22-CV-20775, 2022 WL 17583749, at *3 (S.D. Fla. Oct. 13, 2022), "in certain circumstances a default judgment is inappropriate if it results in inconsistency among judgments."

3

*Rodriguez v. Guacamole's Authentic Mexican Food & More, LLC*, No. 11-62527-CIV, 2012 WL 718688, at *2 (S.D. Fla. Mar. 6, 2012) (quoting *Marshall & Ilsley Trust Co. v. Pate*, 819 F.2d 806, 811 (7th Cir. 1987)).

"The general rule, derived from the seminal case of *Frow v. De La Vega*, 82 U.S. 552 (1872), is that when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." *Mayorga v. Stamp Concrete & Pavers, Inc.*, No. 13-81274-CIV, 2015 WL 3556972, at *2 (S.D. Fla. June 4, 2015) (internal quotations omitted). "The Eleventh Circuit has applied this same principle to cases where defendants are jointly and severally liable, as well as where defendants have closely related defenses." *Tan v. Sushi Yama Japanese Rest., Inc.*, No. 20-20679-CIV, 2020 WL 6293216, at *4 (S.D. Fla. Aug. 4, 2020) (citing *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) ("[E]ven when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits.")), *report and recommendation adopted*, 2020 WL 6290345 (S.D. Fla. Oct. 27, 2020). Courts, moreover, routinely apply this principle in declaratory judgment actions that seek the same declaratory relief concerning coverage under an insurance policy against both defaulting and non-defaulting defendants. *See, e.g.*, *Progressive Express Ins. Co.*, 2022 WL 17583749, at *4-5; *Infinity Auto Ins. Co. v. MD Royal Grp., LLC*, No. 21-CV-20868-PCH, 2021 WL 11594309, at *2 (S.D. Fla. Oct. 27, 2021); *Mt. Hawley Ins. Co. v. L'Excellence Condo. Ass'n, Inc.*, No. 19-21742-CIV, 2019 WL 8955104, at *2 (S.D. Fla. Nov. 27, 2019).

Mt. Hawley nonetheless argues that the *Frow* rule does not apply to this case because Plaintiff is not seeking monetary damages against Legacy. ECF No. 50 at ¶ 13. Plaintiff's

4

argument is unavailing. Regardless of whether damages are sought, default judgment should not be entered when doing so can result in inconsistent judgments. *See, e.g.*, *Gulf Coast Fans, Inc.*, 740 F.2d at 1512; *Geico Gen. Ins. Co. v. Gonalez*, No. 20-21549-CIV, 2020 WL 5217184, at *2 (S.D. Fla. Aug. 7, 2020) (concluding that motion for default judgment should be denied without prejudice pending final disposition of claims against other defendants to guard against the possibility of inconsistent judgments), *report and recommendation adopted*, 2020 WL 5216770 (S.D. Fla. Sept. 1, 2020); *see also Progressive Express Ins. Co.*, 2022 WL 17583749, at *4-5; *Infinity Auto Ins.*, 2021 WL 11594309, at *2); *L'Excellence Condo. Ass'n*, 2019 WL 8955104, at *2. Contrary to Mt. Hawley's argument, the practice of withholding the entry of default judgment in a multi-defendant case in which there are non-defaulting defendants is particularly appropriate "when, as here, the case involves the declaration of obligations and coverage under an insurance agreement that is the subject of an underlying dispute." *N. Pointe Ins. Co. v. Glob. Roofing & Sheet Metal, Inc.*, No. 6:12-CV-476-ORL-31, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012), *report and recommendation adopted*, 2012 WL 5378740 (M.D. Fla. Oct. 31, 2012); *see also Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC*, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable until the claims against the defendants who appear in the action are adjudicated.").

Here, although it is true that Legacy is in default, Defendants Ortega and Llerena appeared in this case and timely filed an answer to the complaint and, subsequently, an amended answer. ECF Nos. 19, 30. Indeed, they have asserted defenses and counterclaims that are at odds with the default judgment that Mt. Hawley seeks against Legacy, and among the bases for those defenses and counterclaims, Defendants Ortega and Llerena have asserted that they are assignees of all of

Legacy's rights, title, claims, and interests in the insurance policy that Mt. Hawley issued to Legacy.  *See* ECF Nos. 19, 30; *see also* ECF No. 58.  Significantly, Defendants Ortega and Llerena's defenses and counterclaims, as well as Mt. Hawley's claims against Ortega and Llerena, remain pending before this Court and are intertwined with the determination of Mt. Hawley's claims against Legacy.  *See* ECF Nos. 43, 58; *see also* ECF Nos. 1, 30.  Moreover, the central issue in this case—whether the insurance policy covers the acts at issue in the State Court Litigation—applies equally to all of the defendants, whether defaulting or non-defaulting.  As a result of these circumstances, the entry of a default judgment against Legacy would create a very real possibility of inconsistent judgments should Defendants Ortega and Llerena prevail at a later stage of this litigation, and that risk of inconsistent judgments is just reason for delaying the entry of default judgment against Legacy.  *See, e.g.*, *Robinson v. G.C.L. Constr., Inc.*, No. 0:17-CV-60084-KMM, 2017 WL 11726375, at *3-4 (S.D. Fla. Apr. 25, 2017); Fed. R. Civ. P. 54 (b) ("When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay*.") (emphasis added).

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Mt. Hawley's Motion for Entry of Final Default Judgment against Legacy, ECF No. 14, be **DENIED WITHOUT PREJUDICE** pending final disposition or other resolution of both the claims asserted against the non-defaulted defendants, Raymond Ortega and Antonio Llerena, and the counterclaims asserted by the non-defaulted defendants against Mt. Hawley.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the

Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a de novo determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 24th day of June 2025.

                                                          EDUARDO I. SANCHEZ
                                                          UNITED STATES MAGISTRATE JUDGE

cc:      Hon. Jose E. Martinez
           Counsel of Record